*In re* COLACASIDES.

On Application for Bail.

1. Contempt—One-Man Grand Jury—Nature of Proceedings.
    Contempt proceeding 'for refusal to testify before one-man
    grand jury, after grant of immunity *held*, civil proceeding,
    not criminal, since purpose is to enforce order to testify, not
    punish for refusal (CL 1948, § 767.3 *et seq.*, as amended).

2. Same—Courts—Inherent Power.
    Courts have inherent power to enforce compliance with their
    lawful orders through civil contempt proceedings.

3. Same—One-Man Grand Jury.
    One-man grand jury statutory provisions for punishing con-
    tempts vary both as to possible sentence and procedure from
    general provisions as to contempt in revised judicature act
    of 1961 (CLS 1961, § 600.1701 *et seq.*, § 767.5).

4. Same—Bail—Revised Judicature Act of 1961.
    Provision of revised judicature act of 1961 that any person
    arrested on civil process is entitled to bail during pendency
    of appeal *held*, not to modify the specific provisions of one-man
    grand jury statute, òr to affect the inherent power of courts
    to compel testimony by contempt proceedings, so· as · to
    require letting to bail of witness sentenced to jail for refusal
    to testify before one-man grand jury during pendency of
    appeal from contempt proceedings (CLS 1961, §§ 600.6080,
    767.5).

---

References for Points in Headnotes
[1]  17 Am Jur 2d, Contempt §§ 4, 5.
[2]  17 Am Jur 2d, Contempt § 62.
[3]  17 Am Jur 2d, Contempt § 76.
[4]  8 Am Jur 2d, Bail and Recognizance §§ 28, 33, 35.
[5]  17 Am Jur 2d, Contempt § 111.
[6-8] 8 Am Jur 2d, Bail and Recognizance § 33.
[9]  8 Am Jur 2d, Bail and Recognizance § 33.
    24 Am Jur, Grand Jury § 37.
    17 Am Jur 2d, Contempt § 76.
[10-13] 24 Am Jur, Grand Jury § 37.
    21 Am Jur 2d, Criminal Law §§ 146-153.
[14] 8 Am Jur 2d, Bail and Recognizance § 33.

5. SAME—WITNESS—GRAND JURY—COMMITMENT—DURATION.
   Witness committed to jail for contempt in refusing to answer
   questions before one-man grand jury must be released when
   term of grand jury ends (CLS 1961, § 767.5).

6. BAIL—APPEAL—MATTERS CONSIDERED.
   Possible harm to the community in having appellant at large,
   as well as likelihood of his appearance, are considered by
   court in deciding whether to set bail on appeal.

7. SAME—APPEAL—CONTEMPT OF GRAND JURY—POSSIBLE HARM.
   Release on bail of witness committed to jail for contempt in re-
   fusing to answer questions before one-man grand jury while
   his appeal from contempt proceedings is pending presents
   possibility of harm to community because it would seriously
   impede the inquiry of grand jury, since appeal might not
   be finally decided until after grand jury ends its term, and
   witness must be released when its term ends (CLS 1961,
   § 767.5).

8. SAME—APPEAL—SUBSTANTIAL QUESTION.
   Allowance of bail pending appeal depends upon a determination
   whether the appeal presents a substantial question.

9. SAME—APPEAL—SUBSTANTIAL QUESTION—CONSTITUTIONAL RIGHT.
   Determination whether appeal presents substantial question in
   deciding if bail should be set for witness pending appeal from
   contempt proceedings for refusal to testify before one-man
   grand jury requires preliminary consideration of only ground of
   appeal argued on application for bail, namely, whether im-
   munity granted to witness pursuant to provisions of one-man
   grand jury statute meets constitutional requirements in its
   scope (US Const, Ams 5, 14; Mich Const 1963, art 1, § 17;
   CLS 1961, § 767.6).

10. GRAND   JURY—WITNESS—IMMUNITY—CONSTITUTIONAL   STAND-
    ARDS.
    Immunity granted to witness so that he can be compelled to
    testify before one-man grand jury as to matters which might
    incriminate himself must be as broad as the constitutional
    privilege against self-incrimination for which it is sought to
    be substituted (US Const, Ams 5, 14; Mich Const 1963, art 1,
    § 17; CLS 1961, § 767.6).

11. SAME—WITNESS—IMMUNITY—CONSTITUTIONAL STANDARD.
    Preliminary consideration of constitutional objection to im-
    munity granted to witness pursuant to one-man grand jury

statute as being too narrow to be substituted for privilege protected does not persuade Court of Appeals that immunity will be found constitutionally deficient on full consideration on the merits (US Const, Ams 5, 14; Const 1963, art 1, § 17; CLS 1961, § 767.6).

12. SAME—WITNESS—IMMUNITY—TESTIMONY—USE.

Recent decisions by the Supreme Court of the United States do not support witness's contention that he is constitutionally entitled to grant of immunity extending to protection against use of his testimony in a proceeding for revocation of liquor license (US Const, Ams 5, 14; Const 1963, art 1, § 17; CLS 1961, § 767.6).

13. SAME—WITNESS—IMMUNITY—TESTIMONY—USE.

No reason is made to appear why immunity provided by one-man grand jury statute should not be construed to prevent use of testimony given by witness who has been granted such immunity in proceeding such as hearing on revocation of liquor license, if immunity is constitutionally required to extend so far to be effective (US Const, Ams 5, 14; Const 1963, art 1, § 17; CLS 1961, § 767.6).

14. BAIL—APPEAL—GRAND JURY—WITNESS—CONTEMPT—REFUSAL TO TESTIFY.

Application for bail pending appeal by witness committed to jail for contempt in refusing to testify before one-man grand jury after grant of immunity is refused when it appears that allowing bail would result in harm to community by impeding grand jury investigation, and no substantial questions appear to be raised by appeal.

Appeal from Wayne; Kaufman (Charles), J. Submitted Division 1 February 10, 1967, at Detroit. (Docket No. 3,302). Decided February 17, 1967. Opinion filed March 14, 1967.

Costas (Gus) Colacasides was committed to jail for refusing to answer certain questions before a one-man grand jury. Defendant appeals, and applies for bail pending determination of appeal. Application for bail denied.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert C. Goussy,* Assistant Attorney General, for the people.

*Louisell & Barris,* for defendant.

## On Application for Bail.

Per Curiam. Pursuant to the provisions of Michigan's one-man grand jury law, CL 1948, § 767.3 *et seq.,* as amended (Stat Ann 1954 Rev and Stat Ann 1965 Cum Supp § 28.943 *et seq.*), appellant (Colacasides) was granted immunity from subsequent prosecution for any offense concerning which his answers to certain questions may have tended to incriminate him—the questions being stated in the order granting immunity entered by the grand juror, Judge George E. Bowles of Wayne circuit. See CLS 1961, § 767.6 (Stat Ann 1954 Rev § 28.946). Colacasides, nevertheless, refused to answer the questions, and he was then cited for contempt and a circuit judge other than the one who propounded the questions conducted a hearing thereon. Colacasides was found guilty of contempt and sentenced to confinement for a period of six months or until the grand jury proceedings terminate or until he purges himself to the satisfaction of the grand juror or to the satisfaction of the sentencing judge. He filed his claim of appeal with this Court and an application for bond pending the appeal.

1.

We have first been asked to decide whether the contempt proceedings were civil or criminal. The purpose of the sentence being to enforce rather than to punish for disobedience of the grand juror's order, we are satisfied that the contempt is civil.

"The test may be stated as: what does the court primarily seek to accomplish by imposing sentence?

Here the purpose was to obtain answers to the questions for the grand jury." *Shillitani* v. *United States* (1966), 384 US 364, 370 (86 S Ct 1531, 1535, 16 L ed 2d 622, 627).

In *Shillitani,* the United States Supreme Court held that the sentences before it "were clearly intended to operate in a prospective manner—to coerce, rather than punish. As such, they relate to civil contempt."[1]   So, too, on the facts in the case at bar.

### 2.

Colacasides claims that the provisions of revised judicature act, PA 1961, No 236, § 6080, stating that "any person arrested on civil process is entitled to bail during the time within which he may appeal the proceeding on which the arrest was made, or until a final determination of his appeal has been made" (CLS 1961, § 600.6080 [Stat Ann 1962 Rev § 27A.6080]), required the sentencing judge and require us to set bail during the pendency of his appeal.

The one-man grand jury law has its own provisions for punishing contempts (CLS 1961, § 767.5 [Stat Ann 1954 Rev § 28.945]), which vary both as to possible sentence and procedure from those set forth in the revised judicature act (CLS 1961, § 600.1701 *et seq.* [Stat Ann 1962 Rev § 27A.1701 *et seq.*]).

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt. . (Citations omitted.) And it is essential that courts be able to compel the appearance and testimony of witnesses.   (Citation omitted.)   A grand jury subpoena must command

---

[1] Compare *Penfield Co.* v. *Securities and Exchange Commission* (1947), 330 US 585, 590 (67 S Ct 918, 921, 91 L ed 1117, 1123); *Duell* v. *Duell* (1949), 85 App DC 78, 80 (178 F2d 683, 685, 14 ALR 2d 560); *People* v. *Yarowsky* (1926), 236 Mich 169, 171.

the same respect. (Citation omitted.) . Where con-
tempt consists of a refusal to obey a court order to
testify at any stage in judicial proceedings, the wit-
ness may be confined until compliance. (Citations
omitted.) The conditional nature of the imprison-
ment—based entirely upon the contemnor's con-
tinued defiance—justifies holding civil contempt pro-
ceedings absent the safeguards of indictment and
jury (Citation omitted.), provided that the usual due
process requirements are met." *Shillitani* v. *United
States* (1966), 384 US 364, 370 (86 S Ct 1531, 1535,.
16 L ed 2d 627).

We do not interpret RJA, § 6080, as so modify--
ing the provisions concerning contempts arising.
from refusals to answer questions during the course
of a one-man grand jury proceeding (CLS 1961,
§ 767.5 [Stat Ann 1954 Rev § 28.945]), or the in-
herent and essential judicial power to enforce court
orders through citations for contempt[2] as to oblige
the sentencing judge or this Court to allow bail to
all civil contemnors without regard to the circum-
stances.

3.

In deciding whether to set bail on appeal, courts
consider not only the likelihood of appearance, but
also the possible harm to the community. *Rehman*
v. *California* (1964), bail denied 85 S Ct 8, 13 L ed
2d 17, certiorari denied 379 US 930 (85 S Ct 326,
13 L ed 2d 342).

While it has not been suggested that Colacasides'
release will result in physical harm to anyone, his
release would, in our opinion, pose a risk of harm to
the community. The Bowles grand jury was author-
ized by the circuit judges of Wayne county on an
application claiming there is evidence of irregulari-

---

[2] Compare *Perin* v. *Peuler* (On rehearing, 1964), 373 Mich 531, 541.

ties which requires investigation in such manner. Under the terms of the order of commitment before us and because of the nature of the grand jury proceedings, the appellant must be released when the grand jury terminates. *Shillitani* v. *United States, supra.* The grand jury has a limited life. In the normal course appellant's appeal might not be briefed, heard, and decided by this Court until a date after the grand jury ceases to function. To allow bail to appellant while he exhausts his appellate remedies would set a precedent that would seriously impede the inquiry. The public interest is, therefore, involved. We regard this as a valid consideration in a case such as this. See *United States* v. *Coplon* (CA 6, 1964), 339 F2d 192, 194, where the court made the following observation:

"We conclude that appellant's contention as to self-incrimination is so clearly without merit that his appeal can be for no other purpose than to delay the disposition of this matter beyond the termination of the current grand jury proceedings."

4.

We have, therefore, given preliminary consideration to appellant's contention that the immunity granted does not conform to constitutional requirements. As to the substantiality of the appeal, this is the only ground that was argued orally or in the briefs.[3]

We have given careful consideration to Colacasides' claim that the immunity granted him pursuant to the provisions of CLS 1961, § 767.6 (Stat

---

[3] "Allowance of bail pending appeal depends upon a determination whether the appeal presents a substantial question." [Douglas, Circuit Justice], *Yanish* v. *Barber* (1953), 73 S Ct 1105, 1107, 97 L ed 1637, 1640.

Ann 1954 Rev § 28.946) does not meet constitutional requirements.

Our Supreme Court has acknowledged that:

"Immunity offered must be as broad as the constitutional protection for which it is sought to be substituted; and the test is whether the immunity becomes a complete substitution for the constitutional privilege." *In re Watson* (1940), 293 Mich 263, 276.

Tested by that standard, the Supreme Court held that immunity granted pursuant to the Michigan statutory provision last mentioned satisfied constitutional requirements.

Colacasides' counsel calls our attention to *Garrity* v. *State of New Jersey* (1967), 385 US 493 (87 S Ct 616, 17 L ed 2d 562), and *Spevack* v. *Klein* (1967), 385 US 511 (87 S Ct 625, 17 L ed 2d 574). In the former case the court held that the protection of the individual against coerced confessions prohibits use in subsequent criminal proceedings of confessions obtained under threat of removal from office. In the latter case the court held that New York could not impose the dishonor of disbarment as a price for asserting the right against self-incrimination.

It does not appear that either *Garrity* or *Spevack* support Colacasides' contention that he is entitled to protection against the *use* of his testimony (should he testify under the cloak of the immunity granted to him) in a proceeding that might be instituted for, say, the revocation of his licenses to operate a restaurant and dispense alcoholic beverages.[4]

---

[4] If the immunity statute protects a witness to the extent of his constitutional immunity, he is obliged to testify—"he has, of course, when a particular sanction is sought to be imposed against him, the right to claim that it is *criminal* in nature." *Ullmann* v. *United States* (1956), 350 US 422, 431 (76 S Ct 497, 503, 100 L ed 511, 521, 53 ALR2d 1008, 1017). (Emphasis added.)

Nor are we advised why the immunity granted should not be interpreted as covering such use of his testimony, if constitutionally required in order to compel his testimony.

In our opinion, Michigan's procedures for grant- ing immunity should be interpreted so as to accomplish the purpose sought to be achieved when enacted, namely to grant such immunity as is constitutionally required in order to compel testimony.[5]

Without passing on the merits, we are not yet persuaded that so interpreted such procedures will be found constitutionally deficient.[6]

Our view of the substantiality of the ground of appeal argued on this motion disinclines us to allow bail.

---

The court rejected contentions that the immunity granted there was inadequate because it did not cover "disabilities imposed by Federal and State authorities and the public in general—such as loss of job, expulsion from labor unions, State registration and investigation statutes, passport eligibility, and general public oppro- brium." (350 US at 430 [76 S Ct at 502, 100 L ed at 520, 53 ALR 2d at 1017].)

See Annotation: Adequacy of Immunity Offered as Condition of Denial of Privilege Against Self-Incrimination. 53 ALR2d 1030.

See Murphy v. Waterfront Commission of New York Harbor (1964), 378 US 52, 79 (84 S Ct 1594, 1609, 12 L ed 2d 678, 695), where the opinion of the court stated compelled testimony could not be used in connection with a "criminal prosecution" against the witness; two concurring justices stating that the privilege protects a witness from being compelled to furnish evidence that could result in his being subjected to a "criminal sanction." (378 US 100 [84 S Ct 1615, 12 L ed 2d 708].)

[5] In a case involving the construction of an immunity statute, the United States Supreme Court stated: "words may be strained 'in the candid service of avoiding a serious constitutional doubt.'" Ullmann v. United States, supra (350 US at 433 [76 S Ct at 504, 100 L ed at 522, 53 ALR 2d at 1018].)

[6] Compare Murphy v. Waterfront Commission of New York Harbor (1964) 378 US 52, 104 (86 S Ct 1594, 1616, 12 L ed 2d 678, 710), where concurring Justices White and Stewart stated that the immunity does not secure one from indictment or conviction and that the witness must plead and prove as an affirmative defense that he has received immunity and that the prosecution is on account of a matter testified to in exchange for such immunity.

5.

If appellant desires that his appeal be heard promptly and that the time for filing briefs and the record be shortened, this Court will, upon receipt of the record (including transcript) and appellant's brief, direct appellee to file its brief within the same time from the date of our order used by appellant and will set a date for hearing not later than 10 days after appellee's brief is due. If appellant requires an order to obtain immediate transcription of the testimony, an appropriate order will be entered upon defendant's request.

Application for bail denied.

LEVIN, P. J., and BURNS and McGREGOR, JJ., concurred.