**Thomas J. BALLOU, Jr., Petitioner, Appellant,**

v.

**COMMONWEALTH OF MASSACHU-SETTS et al., Respondents, Appellees.**

**No. 6892.**

United States Court of Appeals First Circuit.

Submitted Aug. 17, 1967.

Decided Sept. 18, 1967.

Henry N. Berry, III, Cape Elizabeth, Me., on motion for appellant.

Elliot L. Richardson, Atty. Gen., and Willie J. Davis, Asst. Atty. Gen., on memorandum in opposition.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

## MEMORANDUM AND ORDER ON MOTION FOR BAIL .

### PER CURIAM.

■ This is an application for bail by a convicted state prisoner pending appeal from a decision of the district court denying his application for a writ of habeas corpus. The first question relates to amount, and involves, specifically, petitioner's claim that we should adopt the "spirit" of the Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3152. Passing the fact that the act does not, in terms, apply to collateral attacks on sentence, we note that it does not apply to state prisoners at all. We believe we should not extend its broad consideration to state prisoners because we infer that Congress failed to do so not only as a matter of comity, but for substantive practical reasons. Obviously, the federal government is better equipped to keep track of, and recover, its own defaulting prisoners on a nationwide scale than is a state. It can, accordingly, afford liberality that a state cannot. Under these circumstances we reject petitioner's contention and consider bail for this state prisoner on the same basis that we would have before the Bail Reform Act.

■ This does not mean that petitioner may not be bailed. Since, however, he has represented that his only interest in cash or secured bail, as distinguished from personal recognizance, is in "amount at about $1,000," and since on the facts of this particular case we would regard such amount of bail as totally inadequate, the motion is denied.