**Floyd BLOSS, Plaintiff-Appellee,**

**v.**

**PEOPLE OF the STATE OF MICHIGAN, James K. Miller and Ronald Parsons, Defendants-Appellants.**

**No. 19554.**

United States Court of Appeals, Sixth Circuit.

Feb. 17, 1970.

S. J. Venema, Grandville, Mich., for defendants-appellants.

John W. Piggott, Bay City, Mich., for plaintiff-appellee.

Before EDWARDS, CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

The State of Michigan appeals from an order of the United States District Court for the Western District of Michigan granting bail to plaintiff-appellee pending his appeals in the state courts of Michigan from three state criminal convictions.

During the year 1968 petitioner was charged with three separate offenses and convicted in three separate trials for violations of a Michigan statute (M. S.A. § 28.575(1) (Supp.1969)) [Comp. Laws 1948, § 750.343a, Pub.Acts 1964, No. 143] prohibiting sale of obscene literature. He was sentenced on each conviction in the Circuit Court for Kent

County to three terms of nine months in jail, to be served concurrently.

At trial and on appeal he contended, and contends, that the statute concerned is unconstitutional under the First Amendment to the United States Constitution both on its face and as applied to him. The merits of this appeal are, however, not before us. Our appellate issue pertains only to appellee's claim of a right to bail pending appeal of his convictions. The rest of the relevant facts on this issue are set forth as follows in appellee's petition and admitted by appellant:

"In each of the three aforementioned cases Petitioner had been released on bond pending trial, bond having been posted in the sum of One Thousand ($1,000.00) Dollars; that after the convictions in the first two cases bond was continued and following the second conviction the said Petitioner was allowed to leave the State for a period of one month and go to the Western part of the country on vacation; that on October 18, 1968, when sentence was imposed, motions for stay of execution of sentence and for release on bail pending appeal were summarily denied by each of the sentencing judges; * * *.

"Following the aforesaid denial of the Stay and Bail Pending Appeal in the Circuit Court, a similar application for Stay and Bail Pending Appeal was filed in each of the three cases in the Court of Appeals for the State of Michigan and each denied by the Court of Appeals on the basis [of] 'the repetitive history of the .violation of the obscenity laws of the State of Michigan by the Defendant' * * *.

"Thereafter a similar Application for Stay of Execution and Bail Pending Appeal was made to the Supreme Court of the State of Michigan and denied, Justice Thomas Kavanaugh dissenting; the grounds of the majority opinion were that: 'no sufficient justification appears and the determination of the Court of Appeals is not clearly erroneous.'

"The dissenting judge indicated:

"'Believing that reasonable bail should be granted, Kavanaugh Justice dissents.'

"Thereafter the Petitioner applied to Mr. Justice Potter Stewart, Associate Justice of the Supreme Court of the United States and Circuit Justice for the Sixth Circuit, for similar Stay of Judgment of Conviction and Bail Pending Review which said application was referred by Justice Potter Stewart to the full court on December 9, 1968, and said application denied without opinion.

"Thereafter an application for Writ of Habeas Corpus was filed with the Michigan Supreme Court and denied, the Court stating:

"'On order of the Court the emergency Petition for Writ of Habeas Corpus is considered and treated as an emergency application for admission to bail pending appeal. So considered, the petition is denied. See our order dated November 19, 1968, Justice O'Hara not participating.'

* * * That thereafter an application was filed with the Hon. Potter Stewart, Associate Justice, Supreme Court, for bond pending filing Writ of Certiorari in the United States Supreme Court from a denial of the motion filed in the Michigan Supreme Court which said application filed with said Potter Stewart was denied, no reason being given; that thereafter an application for rehearing was filed with the Trial Courts asking the Courts to reconsider the matter and to take testimony so that a record could be made as to the reason for denying bail, which said motions were summarily denied; that Petitioner has diligently, through his attorney, pursued his appellate rights and has filed his record and brief on appeal in two of the three convictions referred to herein and is presently awaiting the transcript in connection with the third conviction.

"As a result of all of the aforesaid, Petitioner has already remained in jail for a period of over five months of the nine month sentence pending appeal from the judgments of conviction rendered against him."

After the proceedings detailed above, petitioner then filed a petition for writ of habeas corpus in the United States District Court for the Western District of Michigan, asserting a violation of a federal constitutional right in the order revoking bail. This case was heard before two United States District Judges. In a brief oral opinion, without citing what federal constitutional right was violated, the two judges granted the petition for writ of habeas corpus. Petitioner was released, with two months of his nine-month term still to be served. The State of Michigan appeals.

Michigan's Constitution and its statutory and case law provide for bail as a matter of right prior to conviction. Mich.Const. art. I, § 15 (1963); Mich. Stat.Ann. §§ 28.892, 28.893, 28.894 (1954) [Comp.Laws 1948, §§ 765.5– 765.7].

■ Bail after conviction and pending appeal is regarded as discretionary. In re Colacasides, 6 Mich.App. 298, 148 N.W.2d 898 (1967); People v. Giacalone, 16 Mich.App. 352, 167 N.W.2d 871 (1969).

The reasoning of the Michigan courts in denying bail to this petitioner is set out in the opinion of the Michigan Court of Appeals:

"In this cause a motion for a stay of execution and admission to bail having been filed by the defendant, and an answer thereto having been filed by the People and a reply by the defendant, and it having been brought to the attention of this Court that on June 24, 1966, the defendant was convicted in Kent County of possessing and exhibiting obscene motion pictures, that on May 9, 1968, the defendant was convicted in the County of Jackson, State of Michigan, for the sale and possession of obscene materi-

al and that the motion in the present case is filed in conjunction with two other cases in which the defendant has been found guilty of the sale and possession of obscene material in Kent County, and due consideration thereof having been had by the Court;

"IT IS ORDERED that the motion for stay of execution and setting of bond be, and the same hereby is, DE- NIED, due to the repetitive history of the violation of the obscenity laws of the State of Michigan by defendant. It is the opinion of this Court that the trial judge did not abuse his discretion by refusing to grant the defendant a stay of execution and bond pending appeal."

■ The right to bail under the Eighth Amendment to the United States Constitution prior to conviction is not absolute. Mastrian v. Hedman, 326 F.2d 708 (8th Cir.), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); United States ex rel. Fink v. Heyd, 287 F.Supp. 716 (E.D.La.1968), aff'd, 408 F.2d 7 (5th Cir. 1969). See also the Bail Reform Act of 1966, 18 U. S.C. §§ 3146–3152 (Supp. IV, 1965–68), which is applicable only to federal prisoners; Ballou v. Massachusetts, 382 F. 2d 292 (1st Cir. 1967); United States ex rel. Brown v. Fogel, 395 F.2d 291 (4th Cir. 1968); 2 U.S.C.Cong. & Ad. News, p. 2295 (1966).

As we have previously noted, bail after conviction is discretionary in Michigan. Mich.Const. art. I, § 15 (1963); Mich.Stat.Ann. §§ 28.892, 28.893, 28.894 (1954). Similarly, bail pending appeal from a federal conviction has been held to be discretionary. Fed.R.Crim.P. 46(a) (1), (2); Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962).

■ A state prisoner has no absolute federal Constitutional right to bail pending appeal. Sellers v. Georgia, 374 F.2d 84 (5th Cir. 1967); United States ex rel. Fink v. Heyd, *supra*. See also United States v. Motlow, 10 F.2d 657 (7th Cir. 1926); Rehman v. California, 85 S. Ct. 8, 13 L.Ed.2d 17 (1964).

■ Nor do we find any due process violation here. As is obvious from the record of multiple appellate decisions on petitioner's appeal from denial of bail, the appellate courts of Michigan do provide for expedited hearings of matters where emergencies are claimed or shown.

Michigan Court Rule 806.5 (Appeals to the Court of Appeals) provides:

"Emergency Appeal. On showing of emergency, of appellant's due diligence, and of the character of injury to him through observance of the above practice on application for leave to appeal, application may be made on ex parte statement of fact, showing of merit, and on proof of such notice to other parties as the circumstances permit, or excuse for lack of notice, an immediate consideration of the application may be prayed."

In the *Colacasides* case, the Michigan Court of Appeals demonstrated its sensitivity to the purposes of this rule:

"If appellant desires that his appeal be heard promptly and that the time for filing briefs and the record be shortened, this Court will, upon receipt of the record (including transcript) and appellant's brief, direct appellee to file its brief within the same time from the date of our order used by appellant and will set a date for hearing not later than 10 days after appellee's brief is due. If appellant requires an order to obtain immediate transcription of the testimony, an appropriate order will be entered upon defendant's request." In re Colacasides, 6 Mich.App. 298, 307, 148 N.W. 2d 898, 902 (1967).

The State of Michigan has agreed to join in a motion for expediting this appeal if filed by petitioner. We find nothing in this record to suggest that the appeals herein involved are likely to become moot, or that Michigan is seeking to deny petitioner a final decision on his appeal on the merits. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 1912, 20 L.Ed.2d 917 (1968).

We believe that this record demonstrates that petitioner has shown extraordinary energy and expedition in pursuing his claimed appellate rights pertaining to denial of bail pending appeal. But we also believe that he has demonstrated considerably less vigor in securing adjudication of his appeal on the merits. Absent a motion for emergency appeal under Michigan Court Rule 806.5 or a final state decision on the merits of his appeals, we do not believe that petitioner has exhausted his state remedies as required in federal habeas corpus proceedings. 28 U.S.C. § 2254 provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (1964).

■ We perceive no federal constitutional distinction which hinges on whether an applicant for bail was convicted under a state law which the state described as a felony rather than, as here, a high misdemeanor.

■ The United States District Courts do not, of course, sit as appellate courts to review the use or abuse of discretion of the state courts of Michigan in granting or withholding bail pending final appeal.

The judgment is vacated and the case is remanded for dismissal of the petition.

Our disposition, of course, does not in anywise affect petitioner's ultimate right to a federal test of the constitutionality of the Michigan statute concerned after exhaustion of his remedies in state court. Nor is it designed to discourage his reapplication for the relief now denied in the event, on proper motion and showing of need, Michigan fails to expedite his appeal. Patterson v. United States, 75 S.Ct. 256 (1954).