PEOPLE *v.* NOWICKI

1. CONTEMPT—CIVIL CONTEMPT—SENTENCE—DURATION OF SENTENCE.
   Sentence imposed for civil contempt for failure to appear before
   a grand jury may not extend beyond the termination of the
   term of the grand jury.

2. CONTEMPT—CIVIL CONTEMPT—CRIMINAL CONTEMPT—SENTENCE—
   PURPOSE.
   The test for determining whether contempt proceedings are civil
   or criminal is what the court primarily seeks to accomplish
   by imposing sentence.

3. CONTEMPT—CRIMINAL CONTEMPT—ONE-MAN GRAND JURY—NA-
   TURE OF SENTENCE.
   An unconditional sentence of punishment for contempt of court,
   imposed for failure to appear before a one-man grand jury
   when summoned by a subpoena to do so, and not conditioned
   upon defendant's willingness to purge himself, is not remedial,
   and therefore is for criminal and not civil contempt (CLS
   1961, § 767.5).

Appeal from Oakland, James S. Thorburn, J. Sub-
mitted Division 2 May 10, 1968, at Detroit. (Docket
No. 4,215.) Decided May 29, 1969. Rehearing de-
nied July 14, 1969. Leave to appeal granted Feb-
ruary 19, 1970. See 383 Mich 768.

Roman Nowicki was found guilty of contempt of
court for failure to appear when subpoenaed by a

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contempt § 111.
[2] 17 Am Jur 2d, Contempt §§ 4, 5.
[3] 17 Am Jur 2d, Contempt § 89.

grand jury, and was sentenced to serve one year in the county jail and fined. At the termination of the term of the grand jury, defendant requested his release from jail. Request denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for the people.

*Carlton S. Roeser,* for defendant.

BEFORE: Levin, P. J., and R. B. Burns and Dalton,* JJ.

Dalton, J. On June 22, 1967, Judge James S. Thorburn was duly designated as one-man grand juror for the term expiring August 17, 1967. On July 17, 1967, a hearing was held pursuant to an order to show cause why the appellant should not be held in contempt of court. At the hearing the grand juror found:

*"The Court:* Well, there being no further arguments this court finds, first, that the respondent Roman Nowicki was served with a subpoena regular on its face at 7:10 p.m. July 10, 1967. That this called for his appearance at 11 o'clock a.m. on the 11th day of July, A. D. 1967. That the respondent Roman Nowicki did fail to appear. That this court ordered that a bench warrant should issue. That the bench warrant was issued, and as a result of that bench warrant the respondent is here before this court."

The court then found that appellant did not appear pursuant to the subpoena, adjudged him guilty of

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

contempt of court and sentenced him to pay a fine of $1000 and to be imprisoned in the county jail not exceeding one year.

On August 14, 1967, appellant appeared before the grand juror for a purgation hearing and was there represented by his present appellate counsel, at the conclusion of which his sentence was commuted as follows:

"Under the circumstances the court is going to, in conformance with the statute and the language of the statute, commute the defendant Roman Nowicki's sentence. It was heretofore a sentence of one year, from July 11, 1967 and $1000 fine. The court is going to commute that sentence to one of 90 days from this date, the 90 days to be in addition to the days now served since July 11, 1967, and the fine shall be commuted and reduced to $500.

"This judicial inquiry and the constitution and laws of the State of Michigan have been flaunted and successfully frustrated because of the delay involved. For these reasons the court will sign an order to that effect."

The grand jury terminated on August 17, 1967, and on that date a request of appellant's counsel to order release of appellant from the county jail was refused.

Appellant claims these proceedings were civil and not criminal in character and therefore the sentence imposed could not extend beyond the termination of the judicial inquiry, relying principally upon *Shillitani* v. *United States* (1966), 384 US 364 (86 S Ct 1531, 16 L Ed 2d 622).

Appellee claims the proceedings were criminal in character and that the grand juror was correct in refusing to release appellant on the termination date of the grand jury.

CLS 1961, § 767.5 (Stat Ann 1954 Rev § 28.945) provides as follows:

"Any witness neglecting or refusing to appear in response to such summons or to answer any questions which such judge may require as material to such inquiry, shall be deemed guilty of a contempt and after a public hearing in open court and conviction of such contempt, shall be punished by a fine not exceeding $1,000.00 or imprisonment in the county jail not exceeding 1 year or both at the discretion of the court: Provided, That if such witness after being so sentenced shall offer to appear before such judge to purge himself of such contempt, the judge shall cause such witness to be brought before him and, after examination of such witness, the judge may in his discretion commute or suspend the further execution of such sentence."

In determining whether contempt proceedings are civil or criminal, as stated in *In re Colacasides* (1967), 6 Mich App 298, 301:

"The test may be stated as: what does the court primarily seek to accomplish by imposing sentence?" (Citing *Shillitani, supra.*)

The sentence imposed on appellant was an unconditional sentence of punishment for failure to appear before the grand jury after having been subpoenaed to do so. Appellant's release was not conditioned upon his willingness to testify. It was not remedial in any respect. As such, the sentence was imposed for criminal and not civil contempt.

A criminal contempt proceeding would be characterized by the imposition of an unconditional sentence for punishment or deterrence. See *Cheff* v. *Schnackenberg* (1966), 384 US 373, 377 (86 S Ct 1537, 16 L Ed 2d 629, 632), and *Cross Company* v. *UAW Local No. 155 (AFL-CIO)* (1966), 377 Mich 202, 210.

Since the people have not filed a cross appeal, we have not considered or decided whether the trial judge had the power to reduce the original one-year sentence imposed July 17, 1967.   See *People* v. *Freleigh* (1952), 334 Mich 306, and *People* v. *Fox* (1945), 312 Mich 577 (168 ALR 703).

Affirmed.

All concurred.