PEOPLE *v.* NOWICKI

Opinion of the Court

1. Contempt—Criminal Contempt—Civil Contempt—Grand Jury.

Defendant could not have been found guilty of criminal contempt and his sentence for such must be vacated and, since the opportunity for punishment for civil contempt expired with the grand jury, defendant must be discharged where the hearing was instituted by show cause order why he should not be adjudged in contempt of court for neglecting and refusing to appear in response to a subpoena requiring his appearance before a grand juror, the proceedings lacked any semblance of a criminal trial, the sentence had elements of both civil and criminal contempt, defendant could have reasonably expected that he was indeed being held in civil contempt and the contempt was not committed in the view and presence of the court, which may be dealt with summarily.

2. Contempt—Criminal Contempt—Procedural Safeguards.

Conviction for criminal contempt can be sustained only upon a record which shows compliance with the procedural safeguards established for the prosecution of any other crime of equal gravity.

Dissenting Opinion

Black, J.

3. Contempt—Criminal Contempt—Civil Contempt—Grand Jury.
*An unconditional sentence of punishment for contempt of court, im-*

---

References for Points in Headnotes

[1–3] 17 Am Jur 2d, Contempt §§ 2–5, 42, 77, 78.
Judgment in favor of plaintiff for defendant's failure to appear, or to answer questions or interrogatories, in pretrial proceedings. 6 ALR3d 713.

*posed for defendant's failure to appear before a one-man grand
jury when summoned by a subpoena to do so, where his release
was not conditioned upon his willingness to testify, is not
remedial, and therefore is for criminal and not civil contempt
(MCLA § 767.5).*

Appeal from Court of Appeals, Division 2, Levin,
P. J., and R. B. Burns and Dalton, JJ., affirming
Oakland, James S. Thorburn, J.  Submitted March
2, 1971.  (No. 1 January Term 1971, Docket No.
52,547.)  Decided April 5, 1971.

17 Mich App 525 reversed.

Roman Nowicki was convicted of contempt.  De-
fendant appealed to the Court of Appeals.  Affirmed.
Defendant appeals.  Reversed and defendant dis-
charged.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Stewart H. Free-
man,* Assistant Attorney General, for the people.

*Carlton S. Roeser* and *Ivan E. Barris,* for defend-
ant.

SWAINSON, J.  Roman Nowicki, appellant herein,
was served with a subpoena at 7:10 p.m., on July
10, 1967, commanding him to appear at the grand
jury courtroom, 2d floor, Courthouse Towers, 1200
North Telegraph Road, in the City of Pontiac, on
the 11th day of July, 1967, at 11 a.m.  He did not
appear pursuant to the subpoena, and at 10:04 a.m.,
on July 12, 1967, an order to show cause was issued
by the grand juror, Hon. James S. Thorburn, direct-
ing that the said Roman Nowicki appear before him

on July 17, 1967, at 9 a.m., to show cause "why he should not be adjudged in contempt of this court."

A hearing was held on July 17, 1967, the defendant then being present, and the court imposed the following sentence:

"Roman Nowicki, it is the sentence of this Court that you, having been found in contempt of this Court, and having had a public hearing, shall be punished by a fine of $1000 and imprisonment in the county jail not exceeding one year. This is the order of the Court."

Thereafter, on August 14, 1967, Roman Nowicki again appeared before the court, and at the conclusion of the hearing, the court found:

"Nevertheless, he has come forward and attempted to purge himself. Under the circumstances the Court is going to, in conformance with the statute and the language of the statute, commute the defendant Roman Nowicki's sentence. It was heretofore a sentence of one year, from July 11, 1967 and $1000 fine. The Court is going to commute that sentence to one of 90 days from this date, the 90 days to be in addition to the days now served since July 11, 1967, and the fine shall be commuted and reduced to $500.

"This judicial inquiry and the constitution and laws of the State of Michigan have been flaunted and successfully frustrated because of the delay involved. For these reasons the Court will sign an order to that effect."

Defendant Nowicki was returned to the Oakland County jail to serve the sentence of imprisonment.

The grand jury investigation terminated on August 17, 1967, and the Hon. James S. Thorburn refused the request of defendant's counsel to order the

release of defendant Nowicki from the Oakland County jail.

The Michigan Court of Appeals (LEVIN, P. J., and BURNS and DALTON, JJ.) affirmed.* A subsequent application for rehearing was denied, and application for leave to appeal was granted by this Court (383 Mich 768).

We have considered matters arising out of similar circumstances in recent years, and to repeat the discussions at this time will serve no instructive purpose. See *People* v. *Joseph* (1970), 384 Mich 24; *People* v. *Johns* (1971), 384 Mich 325, and *In re Colacasides* (1967), 379 Mich 69.

We stated in *People* v. *Johns, supra,* p 333, and reaffirm at this time:

"When the hearing was instituted by a show cause order and placed on the civil docket, when the proceedings lacked any semblance of a criminal trial and when the sentence had elements of both civil and criminal contempt the defendant could have reasonably expected that he indeed was being held in civil contempt.

"We therefore hold that under the procedure followed here, the defendant could not have been found guilty of criminal contempt and his sentence for such must be vacated.

"Likewise since the opportunity for punishment for civil contempt expired with the grand jury, we hold the defendant must be discharged."

It is important to note that we are again not dealing with direct contempts committed in the view and presence of the court, which may be dealt with summarily.

We again reiterate that conviction for criminal contempt can be sustained only upon a record which

---

* *People* v. *Nowicki* (1969), 17 Mich App 525.

shows compliance with the procedural safeguards established for the prosecution of any other crime of equal gravity.

Reversed. Defendant discharged.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH and WILLIAMS, JJ., concurred with SWAINSON, J.

BLACK, J. (*dissenting*). I agree with the reasoning submitted and result reached by Division 2 (17 Mich App 525) and therefore register dissent.