PEOPLE *v* KEARNS

1. CONTEMPT—CIVIL CONTEMPT—VIOLATING COURT ORDER.

One convicted and sentenced for civil contempt may not be incarcerated beyond the time that he is able to comply with the court's order.

2. CONTEMPT—CIVIL CONTEMPT—VIOLATING COURT ORDER.

Defendant's civil contempt conviction for his failure, while Commissioner of the Detroit Department of Buildings, to comply with a court order directing him to provide facilities for public inspection and examination of building records and to cease from charging a $3 fee for such inspection was reversed where the defendant had been removed from the commissioner's position, because the defendant was no longer able to comply with the court order.

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 December 7, 1971, at Detroit. (Docket No. 10815.) Decided February 24, 1972.

Robert W. Kearns was convicted of civil and criminal contempt for violation of a court order in the case of *Webb* v *Kearns*. Defendant appeals. Reversed.

*Lafferty, Reosti, Jabara, Papakhian, James, Stickgold, Smith & Soble,* for Dorothy Webb.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contempt § 51.
Inability to comply with judgment or order as defense to charge of contempt. 22 ALR 1256, s. 31 ALR 649, 40 ALR 546, 76 ALR 390, 120 ALR 703.

*Michael M. Glusac*, Detroit Corporation Counsel, and *John F. Hathaway*, Assistant Corporation Counsel, for defendant.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

LEVIN, J. The defendant, Robert W. Kearns, was charged with contempt of court. After a hearing, the circuit judge found that Kearns was guilty of both criminal and civil contempt.

Kearns was sentenced on account of the criminal contempt to pay a fine of $250 or serve 30 days in jail, and, on account of the civil contempt, to serve 30 days in jail or until such time as the judge was satisfied that Kearns was no longer requiring payment of a $3 fee by members of the public who wished to examine certain records then under Kearns' control.

The parties are in agreement that Kearns' conviction of criminal contempt must be set aside because the proceedings were not conducted in conformity with the standards set forth in *People v Johns*, 384 Mich 325 (1971).[1]

Kearns was found guilty of violating an order entered by the circuit court directing the Department of Buildings and Safety Engineering of the City of Detroit to provide reasonable facilities for the inspection and examination of its records by the general public. At the time the order was entered Kearns was serving as commissioner of the depart-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *Johns* applies retroactively without regard to whether the issues decided in *Johns* were preserved at the trial or, indeed, at the appellate level. See *People v Nowicki*, 384 Mich 482 (1971), *reversing* 17 Mich App 525 (1969).

ment. He was still serving in that capacity when he was found guilty of civil and criminal contempt. Subsequently he was removed from his post. He is, thus, no longer in a position to comply with the circuit court's order.

We recently observed in *Spalter* v *Wayne Circuit Judge,* 35 Mich App 156, 161 (1971):

"Since the purpose of civil contempt is to enforce compliance with a court's order rather than to punish for disobedience, one convicted and sentenced for civil contempt may not be incarcerated beyond the time that he is able to comply with the court's order."

Accordingly, Kearns, who can no longer comply with the court's order concerning the operation of the Department of Buildings and Safety Engineering, may not now be punished for civil contempt.

The City of Detroit asks that we go on to determine whether, in finding Kearns guilty of contempt, the judge correctly construed the order directing the department to provide reasonable facilities for the inspection and examination of its records by the general public. This we decline to do.

Kearns, not the city, filed this appeal. It is an appeal from a contempt conviction, not from a declaratory judgment. Kearns can no longer be punished for civil contempt; we set aside his conviction of criminal contempt on grounds that make it unnecessary for us to decide whether the judge correctly construed the order requiring that departmental records be made available to the public.

The city seeks a construction of the order so that the department may have guidance for the future. It would appear that the facts as they have developed since Kearns was convicted of contempt and since he was removed from office, as well as the factual

context in which the order was entered, have a bearing on the correct resolution of the constructional issue. It would be inappropriate without a current record to attempt to declare how the order should be construed and to what extent, if at all, it inhibits the city from taking action it might otherwise wish to take.

Reversed.

All concurred.