37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Nicholas DENNANY, Petitioner-Appellant,
v.
Joseph ABRAMAJTYS, Warden, Respondent-Appellee.
 No. 93-2501.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and WEIS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Nicholas Dennany, a pro se Michigan state prisoner, moves for release pending appeal or to expedite and appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dennany was convicted following a jury trial of first degree criminal sexual conduct against his daughter and was sentenced to twenty-five to fifty years of imprisonment. On direct appeal, the Michigan Court of Appeals reversed Dennany's conviction on the ground that he had been denied his right of self-representation; the case was remanded for a new trial. The state appealed this judgment to the Michigan Supreme Court. Dennany moved the trial court for release on bail pending the state's appeal. The court denied the motion, finding that Dennany was a danger to the community. Similar motions in the Michigan Court of Appeals and Supreme Court were also denied. The Michigan Supreme Court has now remanded the case to the trial court for a new trial. Another motion for bail filed by Dennany in the trial court has been denied.
 
 
 3
 Dennany filed this federal habeas action arguing that the state court's failure to release him on bail pending appeal violated his constitutional rights. The case was referred to a magistrate judge, who recommended that the petition be dismissed on the ground that Dennany had not demonstrated that he had exhausted his claim in the state courts as a federal constitutional issue. The district court initially adopted this recommendation on the ground that no timely objections had been filed. The district court subsequently entered an advisory opinion noting that its determination that no timely objections had been filed may have been erroneous. Therefore, the objections which had been filed were addressed. The district court assumed that state remedies had been exhausted, and therefore reviewed and rejected the claim raised in the petition on its merits. On appeal, Dennany reasserts the merits of his claim and argues that his objections were timely filed and that he has exhausted his state court remedies, or alternatively, that he should not be required to do so.
 
 
 4
 Upon review, we affirm. Initially, it is noted that Dennany's objections were timely filed. Dennany simply has no federal constitutional right to bail pending appeal. See Bloss v. Michigan, 421 F.2d 903, 905 (6th Cir.1970) (per curiam).
 
 
 5
 To the extent that Dennany is relying on state law to create a liberty interest in bail, his claim is meritless. Mich.Comp.Laws Sec. 770.9a(2) provides that a defendant convicted of an assaultive crime shall not be admitted to bail unless a court finds by clear and convincing evidence that he is not likely to pose a danger to others. Not only does this statute not contain a mandatory imperative giving rise to a legitimate expectation of bail, but it appears that Dennany is ineligible for bail under this rule. See Codd v. Brown, 949 F.2d 879, 882-83 (6th Cir.1991). The trial court actually found that Dennany is a danger to the community. Contrary to Dennany's arguments, this finding was consistent with the trial court's finding at sentencing, when it departed upward from the state sentencing guidelines of four to seven years, that Dennany was a danger to his own children and other children in the community.
 
 
 6
 Because this petition did not raise a federal constitutional claim, it was properly dismissed. Accordingly, the motion for release pending appeal is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Senior Circuit Judge for the United State Court of Appeals for the Third Circuit, sitting by designation