## JIFKINS *v.* SWEETZER.

1. Where the Supreme Court of a State reversed, on appeal, a decree dismissing, upon a final hearing, the complainant's bill, and remanded the cause with instructions to refer it to a master to state the accounts between the parties in accordance with the mandate, the suit cannot be removed to the Circuit Court of the United States.
2. *Removal Cases* (100 U. S. 457) cited and approved.

APPEAL from the Circuit Court of the United States for the Western District of Pennsylvania.

The facts are stated in the opinion of the court.

*Mr. F. Carroll Brewster* for the appellants.

*Mr. A. Ricketts, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit in equity, begun in the Court of Common Pleas of Luzerne County, Pennsylvania, June 20, 1868, by the appellee against the appellants and one James Jifkins, to obtain an account of the rents and profits and a reconveyance of certain real estate, which, it was alleged, had been transferred to the defendants, and put into their possession as security for the payment of money. The defendants answered, denying that they held the property as security, and claiming that their title was absolute. Upon this issue testimony was taken, and after hearing in the Common Pleas, on the 20th of February, 1871, the prayer for relief was refused and the bill dismissed. From this decree an appeal was taken to the Supreme Court of the State, where, on the 23d of May, 1872, the decree below was reversed, the bill reinstated, and the cause remanded with instructions to refer the cause to a master " to take an account of the rents, issues, and profits received by the defendants from the property in question, together with an account of debts paid by them, due by the plaintiff, with an equitable allowance for services rendered by the defendants, ascertaining the amount due by either party to the other party, so as to enable the Court of Common Pleas to make a final decree in the premises, according to equity." On the 24th of August

the case was referred by the Common Pleas, in accordance with the mandate of the Supreme Court. On the 24th of August, 1874, two years later, but before any report was filed, the present appellants, who were then the sole defendants, James Jifkins having before that time died, filed, in the Common Pleas, a petition for the removal of the suit to the Circuit Court of the United States for the Western District of Pennsylvania, under the provisions of the act of 1866, now sect. 639, sub. 2, Rev. Stat. In this petition they averred that they had become citizens of the State of Virginia since the commencement of the suit; that the plaintiff was, when the suit was begun, and still continued to be, a citizen of Pennsylvania; and that the suit was one in which there could be a final determination of the controversy, so far as it concerned the petitioners, without the presence of the other defendant or his legal representatives as parties to the cause. On the 9th of November, 1874, the same parties filed a further petition for removal, under the act of 1867 (Rev. Stat., sect. 639, sub. 3), on the ground of local influence and prejudice. Both these petitions were denied in the State court, Nov. 16, 1874; but, notwithstanding this, the appellants, on the 5th of December, filed in the Circuit Court a certified copy of the record in the case, and, on the 20th of March, that court declined to take jurisdiction, and remanded the cause to the Court of Common Pleas. From that order the present appeal was taken, May 11, 1875, under the act of March 3, 1875, sect. 5. 18 Stat. 472.

The single question to which our attention was called on the argument was whether the petitions for removal were presented to the State court in time. In both the acts of Congress invoked it is provided that the petition shall be filed "before the trial or final hearing of the suit." From the record it appears that there was but a single issue between the parties; to wit, whether the appellants were the absolute owners of the property in dispute, or whether they held the title in trust for the appellee. This issue was heard and decided in favor of the appellants in the Common Pleas. The suit was then taken by appeal to the Supreme Court of the State, where it was again heard and a decision rendered in favor of the present appellee. This disposed of the case finally on its merits, and

nothing remained to be done but to continue the hearing already begun until the necessary accounts could be taken and the details of a final decree settled. The act of 1875 requires that the petition for removal shall be filed "before the trial." This, we held in the *Removal Cases* (100 U. S. 457), meant "before the trial is in good faith entered upon." If the "trial had actually begun and was in progress in the orderly course of proceeding," when the petition was presented, it would be too late. The same rule applies to the acts now under consideration. "Before the trial or final hearing" means here, as there, before the trial or hearing of the cause has been in good faith begun. These statutes do not, any more than that of 1875, "allow a party to experiment on his case in the State court, and, if he meets with unexpected difficulties, stop the proceedings and take his suit to another tribunal." He must make his election before he goes to the trial or hearing on the merits.

It seems to us clear that if the Court of Common Pleas had, in the first instance, decided the issue raised by the pleadings in favor of the appellee instead of the appellants, and sent the case to a master to state the accounts, no removal could have been effected after that. The final hearing was entered on when, in the orderly course of proceedings, the issue made by the pleadings, and on which the rights of the parties depended, was submitted to the court for judicial determination. It matters not that, after the main question in the case had been settled, the convenience of the court made it necessary to call in the help of a master. In this way no new hearing was entered on. The old submission was only continued until the details of the original inquiry could be settled for the purposes of a final decree.

The hearing of this case, originally begun in the Common Pleas, was transferred by the appeal to the Supreme Court. That court, on the appeal, had the right to re-examine what had been done in the Common Pleas. In effect it took up the case on the hearing begun below. If, on the appeal, the decree below had been reversed and the cause sent back for a rehearing, then the final hearing, for the purposes of the statutes now under consideration, would not have begun until the

court below had again entered upon the determination of the cause. Then the reversal would have perfected the right to a second hearing in the court of original jurisdiction, and, under the rule stated in *Vannevar* v. *Bryant* (21 Wall. 41), a demand for the transfer might properly be made. Here, however, the Supreme Court granted no new hearing. It reversed what had been done below, and then proceeded, under the original submission, to decree on the merits. It thus continued the hearing under the original submission, decided the controversy so far as the primary rights of the parties were concerned, and through the Common Pleas sent the case to a master to settle the details of the final decree. No power was given the court below to rehear the case, but only to proceed in due course with the hearing that had been begun until the inquiry as to the whole subject-matter was completed.

*Decree affirmed.*

Mr. Justice Strong did not take part in the decision of this cause.