## DAUGHERTY v. SHARP et al.

### (Circuit Court, E. D. Michigan, S. D.  October 9, 1908.)

### No. 3,974.

1. REMOVAL OF CAUSES (§ 74*)—AMOUNT IN CONTROVERSY.

 A suit relating to a mortgage given to secure a note for $1,700 does not involve a sum exceeding $2,000, exclusive of interest and costs, and is not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 130; Dec. Dig. § 74.*]

2. REMOVAL OF CAUSES (§ 5*)—NATURE OF CONTROVERSY—ANCILLARY PROCEEDING.

Where a decision of the Supreme Court of a state affirmed a decree foreclosing mortgages as modified, directed that the property be sold and the proceeds paid into court, and gave a defendant, as administrator of the mortgagor, the right to institute a suit or file a petition in such pending suit to have such proceeds applied to the payment of general creditors of the estate as against one mortgagee, remanding the cause "for the execution of said decree as herein modified," a petition so filed by the administrator is in execution of the decree of the Supreme Court, and ancillary to the foreclosure suit, and is not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 21; Dec. Dig. § 5.*]

3. REMOVAL OF CAUSES (§ 5*) — ORIGINAL JURISDICTION OF FEDERAL COURT — CONTROVERSY OVER FUND IN STATE COURT.

A suit or proceeding in a state court to determine the disposition to be made of a fund which has been deposited in the registry of such court to await its further order is not removable into a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 5.*]

4. REMOVAL OF CAUSES (§ 17*)—WAIVER OF RIGHT.

A litigant, who instituted an action in a state court and there prosecuted it to a final decision by the Supreme Court of the state, cannot, after it has been remanded by such court, remove it into a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 10; Dec. Dig. § 17.*

Waiver of right, see note to Atlanta K. & N. Ry. Co. v. Southern Ry. Co., 66 C. C. A. 612.]

In Equity. On motion to remand to state court.

John C. Sharp, Wilson & Cobb, and Eugene Pringle, for the motion. Robert Campbell, opposed.

Before HARLAN, Circuit Justice, and SWAN, District Judge.

SWAN, District Judge. The facts involved in this motion are set forth in the opinion of Chief Justice Carpenter of the Supreme Court of the state of Michigan in the cases of Hatch v. Daugherty et al.,

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hatch v. Sharp, Adm'r, et al., and Daugherty v. Hatch, Sharp, Adm'r, et al., 145 Mich. 569, 108 N. W. 986, as follows:

December 3, 1884, James C. Deyo, since deceased, executed a mortgage to one John G. Carter, upon certain land owned by the former, called the "Biddle street property," in the city of Jackson. June 25, 1896, Carter assigned this mortgage to Luella J. Shaw, Deyo's daughter, who subsequently assigned it to James D. Shaw, her son. James D. Shaw subsequently assigned the mortgage to James L. Daugherty. January 29, 1892, Deyo gave a mortgage to George N. Hatch upon the same and other property; this latter mortgage containing a recital that it was subject to the prior mortgage to Carter. August 10, 1896, Deyo assigned to Luella J. Shaw, who then held the Carter mortgage, the right to collect and receive certain rents as security for the interest due and to become due upon that mortgage. Deyo died the 24th day of October, 1896. The first of the three suits above named was one brought by the second mortgagee, Hatch, to obtain an injunction against the statutory foreclosure of the first mortgage. The second suit is a suit brought by Hatch to foreclose the second mortgage, and, as incidental thereto, to obtain a decree declaring that the second mortgage is a prior security to the first. The third suit is one brought by Daugherty for the foreclosure of his mortgage. These several suits were consolidated and heard as one in the court below.

In the lower court a decree was rendered, in accordance with the contention of Hatch, ordering the property sold and giving the Hatch mortgage priority to the Carter mortgage. It was also decreed that the defendant Sharp, administrator of the estate of Deyo, should pay to Daugherty from the rents collected by him, which had been assigned as heretofore mentioned, the amounts paid for insurance and taxes, aggregating $729. From that decree Daugherty, the holder of the first mortgage, appealed to the Supreme Court of the state. It is unnecessary to state the grounds upon which the circuit court proceeded, or to detail the reasons for the reversal of its decree by the Supreme Court. It is sufficient to say that the latter tribunal modified the decree of the court below, and made the following order in the consolidated cause:

"These suits having been brought to this court by appeal from the circuit court for the county of Jackson, in chancery, where they were duly considered together, and having been argued by counsel on the original and rehearing, and due deliberation had thereon, it is now ordered, adjudged, and decreed by the court that the decree of the circuit court for the county of Jackson, in chancery, be and the same is hereby affirmed, except as modified by this decree, that is to say: That the injunction bill of George N. Hatch, complainant in the first above entitled cause, be and the same is hereby dismissed, and the defendant, James L. Daugherty, recover of and from the said George N. Hatch his costs of the circuit court for the county of Jackson, in chancery, to be taxed. That the mortgage described in the last above entitled suit, executed by James C. Deyo and wife to John G. Carter, bearing date the 31st day of December, 1884, and recorded in the office of the register of deeds for the county of Jackson, in Liber 76 of Mortgages, at pages 411 and 412, is a valid security as against the heirs of said James C. Deyo, and the mortgage made by said James C. Deyo and wife to said George N. Hatch, and described in the second above entitled cause, for the payment of $3,454.65, that being the sum found due thereon for principal and interest, and $806.97, for insurance and taxes paid on the property described in said mortgage, and interest, mak-

ing a total of $4,261.62, due April 11, 1907, on so much of the premises therein described as have not been heretofore released from the lien of said mortgage. That the premises described in said mortgage, and not so released, are lots 1 and 2 in block 16 of Knapp's addition to the city of Jackson, in said county of Jackson, and a parcel of land 8½ feet wide and 8 rods long, adjoining said lots on the west, or so much thereof as may be sufficient to raise the amount of money herein found to be due, with interest from the 11th day of April, 1907, and costs of sale, as may be sold separately without material injury to the parties interested, be sold at public auction by one of the circuit court commissioners for said county of Jackson, at any time after the 15th day of May, A. D. 1907, in accordance with the statutes regulating foreclosures of mortgages in circuit courts in chancery and the rules and practice of such courts, and said commissioner shall in all things conform to said statutes, rules, and practice, and the deed or deeds executed on such sale shall have the same force and effect, and be subject to the statutory provisions for redemption, as is made pursuant to the decree of the circuit court for the county of Jackson, in chancery, and the provisions of said decree of said court for sale under said mortgage to George N. Hatch, so far as applicable, shall apply to the sale herein ordered, except as herein modified or otherwise ordered, and that complainant, or any party interested in either of the above entitled suits, may become the purchaser. That the commissioner, from the proceeds of said sale, pay the costs thereof, and pay the balance of such proceeds to the regis-. ter of the circuit court for the county of Jackson, in chancery, to be held and disposed of as herein ordered. That in case the complainant, James L. Daugherty, shall neglect for 30 days to proceed with said sale, the same may be had at the instance of John C. Sharp, administrator, with the same force and effect as if made at the instance of said James L. Daughterty. That said mortgage, made by James C. Deyo and wife to John G. Carter, is, in the hands of said James L. Daugherty, complainant in the last above entitled cause, fraudulent as to the general creditors of the estate of said James C. Deyo. That in order to give the general creditors of the estate of said James C. Deyo, who shall have procured the allowance of their claims against said estate, the benefit of the proceeds of said sale, said John C. Sharp, administrator, or his successor in office, may, within 60 days from date of the payment of said proceeds to said register, or within such further time as may be allowed by the circuit court for the county of Jackson, in chancery, commence suit therein, or file a petition in the last above entitled cause, for a decree or order that said proceeds in the hands of said register, or so much thereof as may be proper, be paid to him to be distributed among the creditors of said James C. Deyo. In case said suit shall not be commenced, or petition filed, as hereinbefore provided, said fund shall be paid by said register to said James L. Daughterty, so far as necessary to satisfy the moneys secured to be paid by said mortgage. That no part of the principal or interest secured to be paid by said mortgage, or the money paid for taxes or insurance on the premises described therein, shall be paid from the funds in the hands of said John C. Sharp, Administrator. That said James L. Daugherty do recover of said George N. Hatch his costs of this appeal. It is further ordered that said suits be remitted to the circuit court for the county of Jackson, in chancery, for the execution of said decree as herein modified."

Under this order of the Supreme Court, as the petition alleges, Sharp, as administrator of the estate of Deyo, commenced suit in the circuit court for the county of Jackson, in chancery, against petitioner, to recover all moneys paid into the hands of the clerk or register of the circuit court for the county of Jackson, state of Michigan, in chancery; "that such suit was instituted by a petition entitled in the foreclosure action, in which final judgment had been entered, and the sale of the mortgaged premises had; that the suit so instituted by such petition is of a civil nature. * * * The plaintiff claims the proceeds of said foreclosure action, amounting to $3,873, lawful money of the United States, upon the ground that the mortgage so

foreclosed by the complainant was fraudulent as to the said John C. Sharp, as administrator of the estate of James C. Deyo, and that the matter in dispute in said suit between the said John C. Sharp, as petitioner, and the said James L. Daugherty, as the respondent or defendant in said suit, exceeds, exclusive of interest and costs, the sum of $2,000." The fifth paragraph of the petition for removal claims "that said suit so instituted·by the filing of said petition by said John C. Sharp," administrator as aforesaid, "is a separate and severable controversy, existing solely between the said administrator and James L. Daugherty, your petitioner."

It was stated upon the hearing that the mortgage of December 3, 1884, executed by James C. Deyo to Carter, "was given as security to the mortgagee for payment of a bond of that date given by Deyo, a citizen of Michigan, conditioned for the payment of the sum of $1,700 and interest at the rate of 7 per cent. per annum, in one year from date thereof." This also appears on page 184 of the record of the case in the Supreme Court, a copy of which is filed in this cause with Daugherty's petition for removal filed in the circuit court for the county of Jackson, in chancery. Notwithstanding the averments of Daugherty's petition for removal, that the amount in controversy exceeds $2,000, exclusive of interest and costs, it is clear that the value of the matter in dispute, exclusive of interest and costs, is only the sum of $1,700 in this case.

Second. It is also manifest from the record that the petition filed by John C. Sharp, administrator as aforesaid, under the order of the Supreme Court of the state of Michigan, quoted above, is not a separate suit within the meaning of the removal act of 1888. Bank v. Turnbull, 16 Wall. 190, 21 L. Ed. 296; Jifkins v. Sweetzer, 102 U. S. 177, 26 L. Ed. 129; Rosenthal v. Coates, 148 U. S. 142, 13 Sup. Ct. 576, 37 L. Ed. 399; Fidelity Ins. Co. v. Huntington, 117 U. S. 280, 6 Sup. Ct. 733, 29 L. Ed. 898. It is a proceeding in the execution of the decree of the Supreme Court, incidental and auxiliary to the foreclosure case, directing that the proceeds of the sale of the mortgaged property be deposited in the registry of the Circuit Court for the county of Jackson, as the order recites:

"In order to give the general creditors of the estate of said James C. Deyo, who shall have procured the allowance of their claims against said estate, the benefit of the proceeds of said sale."

It accordingly allows John C. Sharp, administrator, or his successor in office—

"60 days from the date of the payment of said proceeds to said register of the circuit court for the county of Jackson, in chancery, or within such further time as shall be allowed by said circuit court for the county of Jackson, to commence suit therein, or file a petition in the above-entitled cause for a decree or order that said proceeds in the hands of such register, or so much thereof as may be proper, be paid to him to be distributed among the creditors of said James C. Deyo. * * * That no part of the principal or interest secured to be paid by said mortgage to John G. Carter, or the money paid for taxes or insurance on the property described therein, shall be paid from the funds in the hands of said John C. Sharp, administrator. * * * It is further ordered that said suits be remitted to the circuit court for the county of Jackson, in chancery, for the execution of said decree as herein modified."

Third. It also appears, from the certificate to the record for removal of the cause filed by Daugherty, that with the consent of the counsel of all the parties to this cause, including Daugherty, the circuit judge for the county of Jackson, upon their petition, ordered:

"That Walter A. Cunningham, register of this court, retain the moneys paid by the commissioner to him, as such register, on the sale of property, as alleged in said petition, until the further order of this court."

The fund in controversy has never been paid into the registry of this court, and is still held by the circuit court for the county of Jackson, in chancery. There is nothing, therefore, upon which a judgment or decree of this court could act to grant relief.

Fourth. Daugherty brought his suit in the state court, and prosecuted it there and in the Supreme Court, until its final disposition by that tribunal. He now brings the case here after experimenting in the state courts. Not satisfied with the decision of the Supreme Court, he fruitlessly sought a rehearing in that court, and was again defeated. He has thereby lost the right under the removal act to transfer his litigation to this court. Rosenthal v. Coates, 148 U. S. 144, 13 Sup. Ct. 576, 37 L. Ed. 399.

Fifth. The fact that no suit upon Deyo's bond to Carter for $1,700, of which Daugherty is assignee, could be maintained in this court by any of the parties to whom it was assigned, both because the value of the matter in dispute is insufficient, and under section 1 of the act of March 3, 1887 (24 Stat. 552, c. 373), as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), is also fatal to the jurisdiction of this court. Parker v. Ormsby, 141 U. S. 81, 11 Sup. Ct. 912, 35 L. Ed. 654.

For these several reasons, this court is without jurisdiction of this controversy, and the petition to remand is granted.