**CONGRESS OF RACIAL EQUALITY**
**et al., Appellants,**

**v.**

**TOWN OF CLINTON and Parish of East**
**Feliciana, Appellees.**

**No. 20960.**

United States Court of Appeals
Fifth Circuit.

Sept. 22, 1964.

McRae, District Judge, dissented.

Nils R. Douglas, Robert F. Collins, New Orleans, La., William M. Kunstler, Carl Rachlin, New York City, Murphy W. Bell, Baton Rouge, La., F. B. McKissick, Durham, N. C., Arthur Kinoy, New York City, for appellants.

R. G. Van Buskirk, Richard H. Kilbourne, Clinton, La., for appellees.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and McRAE, District Judge.

TUTTLE, Chief Judge.

This appeal came on for preliminary consideration by the Court of the question of the appealability of an order of remand to the state courts of the state of Louisiana by the district court.

The litigation started by the filing of a suit on August 20, 1963, by the Town of Clinton and Parish of East Feliciana, Louisiana, against Congress of Racial Equality in the district court of the state of Louisiana. On that same day an ex parte temporary restraining order was issued restraining certain activities by the members of CORE. Appellants were ordered to show cause on October 28, 1963, why a preliminary injunction in the same terms as the temporary restraining order should not issue.

Prior to the return date of said hearing, the case was removed, in accordance with the provisions of 28 U.S.C.A. § 1443, to the United States District Court for the Eastern District of Louisiana. Upon the filing by the appellees of a motion for remand, the trial court held a hearing and, on September 13, ordered the case remanded to the state court. The basis for the removal of the action to the district court in the first instance was the assertion by appellant that its members were denied or could not enforce in the courts of the state of Louisiana their constitutional rights to picket or demonstrate against racial conditions existing in the city of Clinton. The basis of the removal was Section 1443, which provides as follows:

" * * * 1443. Civil rights cases

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

Thereafter, within the time provided in the statute, appellants filed their notice of appeal to this Court. Contending that unless the order of remand was stayed by this Court pending appeal, their constitutional rights would be denied them both by virtue of the injunctive relief granted against them in a state proceeding and because the hearing on the motion for temporary injunction was to be tried in a state court which maintained a segregated courtroom, appellants filed a petition for a stay of the order of remand pending appeal in this Court.

It appearing to a panel of this Court then in session that unless the hearing set for October 14th in the state court was stayed the issues raised therein would become moot, this Court entered an order, staying all proceedings in the state court for a period of ten days from and after October 14, 1963. Thereafter, this Court set down for hearing a motion by appellees to dissolve the said stay. This matter came on for hearing before another panel of this Court on October 22, 1963. Following this hearing, it appearing that a substantial issue had been raised touching on the appealability of the order of remand, notwithstanding the provision of Section 1447(d) of Ti-

tle 28 U.S.C.A.,[1] we entered a further order that "the stay order dated October 14, 1963, be and the same is hereby continued in effect, the same to remain in effect until the further order of this Court."

Thereafter, the matter was set down for hearing by this Court solely on the question of appealability of an order of remand. Briefs were filed on behalf of the appellants. No briefs were filed and no appearance was made at the hearing on behalf of the City of Clinton or Parish of East Feliciana. The basis of appellants' argument that the provisions of Section 1447(d) of United States Code Annotated, quoted above, do not accurately state the law with respect to the appealability of orders of remand *in civil rights cases* is best stated in an article in the Columbia Law Review, written by Professor Louis Lusky, 63 Col. L.R. 1163, 1187–1191. The gist of the argument is that the 1866 Civil Rights Act created federal remedies for racial discrimination in the state courts. It included a removal provision which is the predecessor of 28 U.S.C. § 1443. At that time remand orders were not reviewable on appeal or writ of error because they were interlocutory orders. They were, however, reviewable by writ of mandamus to the federal trial court directing it to hear and decide the case. Later they became reviewable by appeal and writ of error as were other interlocutory orders. In 1887 24 Stat. 552, the provision for review of interlocutory orders was repealed, but all rights under the Civil Rights removal section of the law, Rev. Stat. Section 641 (1878), were expressly saved by the following clause: "nothing in this art shall be held, deemed, or construed to repeal or affect any jurisdiction or right mentioned * * * in section[s] six hundred and forty-one." This savings clause has never been repealed by specific act of Congress, and the subsequent codification of the Judicial Code expressly rejected the idea that any prior acts were repealed. Thus, it is argued,

the present provision to the effect that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," does not apply to removals under Section 1443, United States Code Annotated, the civil rights removal statute.

There being no brief in opposition to appellants' brief to assist the Court in passing on the correctness of the legal argument thus expounded, the Court directed counsel for appellants to furnish additional information relative to the legislative history of the several acts involved. This was subsequently done and the matter is now before us for consideration. In the meantime a petition for a stay pending appeal of remand orders, entered by the United States District Court for the Middle District of Florida, had been filed with this Court on behalf of the appellants in the case of David Robinson, et al, v. State of Florida, No. 21490, on this Court's docket. Since, therefore, a common question was raised in these cases, this Court, while granting the stay in the Robinson case as well as in an appeal of Thomas Rachel, et al., v. State of Georgia, No. 21354, on the docket, of this Court, requested counsel for the state of Florida to file a brief in response to that filed by appellants in the present case. Such counsel stated that they would file such response. To date this brief has not been filed on behalf of the state of Florida.

The issue presented by the appellants here is a substantial one, and the briefs demonstrate that there is much more than a colorable basis for the contention made. However, we conclude that the Court need not delay longer in an effort to solve this interesting legal question, because the Civil Rights Act of 1964 includes, in Title IX thereof, a section which resolves this problem of appealability of remand orders. This section provides as follows:

"Sec. 901. Title 28 of United States Code, Section 1447(d), is amended to read as follows: 'An or-

1. This section states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

der remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise'."

We conclude that the enactment of this amendment by Congress has resolved the question of appealability of the orders of remand in this case.

■ This Court, in In re Hurley Mercantile Company, 1932, 5 Cir., 56 F.2d 1023, 1025, adopted the view that "[s]tatutes regulating appeals are remedial and should have a liberal construction in furtherance of the right of appeal." The fact that this change in the law deals with procedure rather than with substance brings it within the generally accepted idea that "there is no vested right in any particular mode of procedural remedy." 11 Am.Jur., Constitutional Law Sec. 373. As an example of the decisions in which statutes deemed to be procedural have been applied to pending appeals, of which there are many, is the Fifth Circuit decision of Bowles v. Strickland, 1945, 151 F.2d 419. There, the Price Administrator brought suit for overcharges without first obtaining the approval of the Secretary of Agriculture, which approval was required at the time the action was filed. The district court dismissed the action. Pending appeal, the Emergency Price Control Act was amended to eliminate the requirement of the Secretary's approval prior to bringing suit. This Court held that "[a]s this amendment did not affect substantive rights, but related only to the procedural machinery provided to enforce such rights, it applied to pending as well as to future suits." 151 F.2d at 420.

This Court has also held that where Congress changes the law respecting the jurisdiction of an appellate court after an appeal is pending, the Court "acts according to the law as it is when judgment is to be rendered, and not as it was when the appeal was taken." United States ex rel. Angelica v. Hammond, 1938, 5 Cir., 99 F.2d 557, 558, cert. denied Carlisle v. Hammond, 306 U.S. 638, 59 S.Ct. 488, 83 L.Ed. 1039. That case involved an appeal from judgments in habeas corpus cases brought to test warrants for removal of certain prisoners to other states for trial on federal offenses. At the time the appeal was filed the law permitted such an appeal. After the appeal was filed, however, an act prohibiting appeal from the kind of orders entered in this case became law. The Court held the act applicable and dismissed the pending appeal. That case, of course, represents the reverse from the situation in issue here, since there a pre-existing right of appeal was withdrawn, whereas, here, a right arguably not existing at the time the notice of appeal was filed has been granted.

A similar case involving the reverse application of the principle that a procedural change in appealability statutes is given effect in pending appeals in the appellate court is Atchison, Topeka & Santa Fe Rwy. v. Brown, 1949, 9 Cir., 175 F.2d 554. The appeal in this case was filed during a period between 1948 and 1949 when the provision prohibiting review of remand orders in removed cases was inadvertently omitted from the revision of the Judicial Code of 1948. This was corrected by a technical amendment passed in 1949, but in the interval an appeal from a remand order was taken to the Court of Appeals for the Ninth Circuit. At the time the appeal was filed, the amendatory act had not been passed. But the act became law prior to the judgment of the Court of Appeals, and that Court, applying the new statute, dismissed the appeal.

■ We conclude, therefore, that the orders of remand in these civil rights cases are appealable. The stay order heretofore entered will, therefore, remain in effect until a decision by this Court on the merits of the appeal which will be docketed by the Clerk when the case is reached on the merits.

McRAE, District Judge, dissents.