## STATE OF MARYLAND
### v.
### H. Rap BROWN.
### Crim. No. 70-0161.

United States District Court,
D. Maryland.
April 22, 1970.

Francis B. Burch, Atty. Gen. of Maryland, and Robert F. Sweeney, Deputy Atty. Gen., for plaintiff.

Edward Carl Broege, Jr., William M. Kunstler and John Warren, New York City, Howard Moore, Jr., Atlanta, Ga., and Devy Bendit, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

H. Rap Brown seeks, for a second time, to remove his prosecution by the State of Maryland from a Maryland *nisi prius* Court to this Federal Court, pursuant to 28 U.S.C. § 1443(1). Brown's first such attempt was denied by this Court on January 23, 1969. Maryland v. Brown, 295 F.Supp. 63 (D.Md.1969), aff'd per curiam, Mem.Dec.No.13,322 (4th Cir., filed June 7, 1969), cert. denied, 396 U.S. 1029, 90 S.Ct. 585, 24 L. Ed.2d 525 (Jan. 21, 1970), Mr. Justice Douglas dissenting as to denial of certiorari. Thereafter, on March 9, 1970, trial proceedings commenced in the Circuit Court for Harford County. On

March 18, 1970, Judge Harry E. Dyer, Jr., sitting in that Court, after earlier denying a defense motion to transfer, ordered the case transferred to the Circuit Court for Howard County. On April 20, 1970, the within petition for removal was filed but was not perfected under 28 U.S.C. § 1446(e) until yesterday, April 21, 1970, when after the denial of certain defense motions by Judge James Macgill, sitting in the Circuit Court for Howard County, defense counsel filed a copy of the aforesaid April 20th removal petition with the Clerk of that latter state court.

Subsequently, yesterday, during the late afternoon, the State, in this proceeding in this Court, filed a Motion to Dismiss and Remand, and counsel for both petitioner and respondent presented their respective contentions in a two-hour nonevidentiary hearing.

This Court's consideration of the questions raised herein starts, as it did in January, 1969, with the applicable provisions of 28 U.S.C. § 1443(1). The Supreme Court of the United States, in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), has established that section 1443(1) speaks

> not only * * * of the type of right asserted, i.e., a racially oriented right, but also of the need, at the very least, "for clear and convincing evidence" to demonstrate "a basis for 'firm prediction' of inability to enforce" that right. (City of Greenwood v. Peacock, *supra*, 384 U.S. at 852, 86 S.Ct. at 1825 (Dissenting opinion of Mr. Justice Douglas, joined by Chief Justice Warren and Justices Brennan and Fortas in which less stringent standards for removal are advocated than those established in the majority opinion)). Maryland v. Brown, *supra*, at 77.

Counsel for Brown contend that this case, in its present posture, poses issues different from those determined by this Court upon Brown's first petition for removal. In so doing, they stress that blacks form only approximately 5% of the total population of Howard County as contrasted to about 10% in Harford County and almost 33⅓% in Dorchester County, from which the case was transferred to Harford County on July 17, 1968 by Judge C. Burnam Mace, sitting in the Circuit Court for Dorchester County, 295 F. Supp. at 70–72. In his first removal petition, Brown stated that "the transfer from Dorchester to Harford County will, among other things, force petitioner to stand trial before a jury selected from an almost lily-white county compared to Dorchester County * * *." 295 F. Supp. at 72. This Court held, *inter alia* (295 F.Supp. at 78):

> The fact that the removee county has a smaller percentage of blacks than Dorchester County, in the absence of any other evidence, is not sufficient to constitute "clear and convincing evidence" that Brown has been or will be denied equal protection under any civil rights law or under the Fourteenth Amendment. This is particularly true in light of Brown's right of further removal. [Footnote omitted].

Earlier (at 77), this Court had noted:

> To begin with, defendant has a right to ask for a further change of venue. Maryland Rule 738 c. Such a further change might well cause the trial to be held in a Maryland jurisdiction with a higher percentage of Negroes in its population than Harford County and perhaps with a percentage of Negroes in its population substantially the same as in or greater than the population of Dorchester County.

Under Maryland Rule 738 c, petitioner has been provided with the opportunity to seek further removal from Howard County to the *nisi prius* court of another Maryland jurisdiction by making a "suggestion in writing under oath" that he "cannot have a fair and impartial trial" in the Circuit Court for Howard County (Maryland Rule 542 a) and by making "it satisfactorily appear" to the Circuit

Court for Howard County that "such suggestion is true or that there is reasonable ground for the same." If a trial by jury as guaranteed to petitioner by the Sixth and Fourteenth Amendments of the Federal Constitution could not be afforded to petitioner in Howard County, this Court has no doubt that the Circuit Court of that county would transfer the case to another Maryland jurisdiction.

As Mr. Justice Douglas, dissenting in *Peacock*, wrote (*supra* at 852, 86 S.Ct. at 1825):

> A district judge could not lightly assume that the state court would shirk its responsibilities, and should remand the case to the state court unless it appeared by clear and convincing evidence that the allegations of an inability to enforce equal civil rights were true. * * *

Assuming the truth and accuracy of all of petitioner's allegations herein, there is no basis for any "firm prediction" of inability of the Circuit Court for Howard County to provide a trial for petitioner as mandated by the Federal Constitution. Thus, as was the case in connection with Brown's first removal petition, his allegations, even if assumed to be true, fail to satisfy the tests set out in *Rachel* and in both the majority and dissenting opinions in *Peacock*. This Court will not further review herein the reasons and analyses set forth in its earlier opinion in which this Court reviewed the opinions of the Fourth Circuit and of this Court in connection with Brown's indictment on August 14, 1967 by the Grand Jury of Dorchester County for arson, riot and inciting to riot. United States ex rel. Brown v. Fogel, 395 F.2d 291 (4th Cir. 1968), and 387 F.2d 692 (4th Cir. 1967); and Chester et al. v. Kinnamon et al., 276 F.Supp. 717 (D.Md.1967). Suffice it to say that the developments in this case since this Court filed its opinion in January, 1969 and the differences in population percentages between Harford and Howard counties present no requirement for a different result.

■ Brown's counsel also urge that the tragedy which, on March 10, 1970, befell two black men, one a close friend of petitioner, when they were killed near the situs of the Circuit Court for Harford County, plus the increase in racial tensions throughout the country which has taken place in the past year, should impel this Court, at the least, either to grant the petition for removal and then indefinitely delay trial in this Court, or to remand this case to the Circuit Court for Howard County, subject to the condition that no trial be held for an indefinite period. This Court notes that Brown has on earlier occurrences expressed fear that his safety could not be reasonably provided for if he were required to be present in Maryland for trial. See Chief Judge Haynsworth's comments in United States ex rel. Brown v. Fogel, 387 F.2d *supra* at 696 n. 8, and Judge Winter's comments in Brown v. Fogel, 395 F.2d *supra* at 296. This Court has no doubt that the State of Maryland can and will make every effort to afford to Brown the safety to which each American citizen is entitled and the opportunity for a fair, speedy and public trial in the Circuit Court for Howard County, regardless of any tensions, racial or otherwise, which may exist generally or in connection with this case.

■ Counsel for Brown, in oral argument yesterday, asked this Court, in the event it determined to remand this case to the Circuit Court for Howard County, to stay the effect of any such order during the pendency of an appeal therefrom to the Fourth Circuit, which counsel stated they have under consideration. In so doing, they cited Congress of Racial Equality v. Town of Clinton, 346 F. 2d 911 (5th Cir. 1964), in connection with which the Fifth Circuit had granted a stay because "a substantial issue had been raised." *Id.* at 912. In this case, in this Court's opinion, no substantial issue has been raised. In Hutchinson et al. v. New York, 86 S.Ct. 5, 15 L.Ed.2d 53 (1965), Mr. Justice Harlan, in a Memorandum Opinion, denying a

stay, wrote (86 S.Ct. at 6, 15 L.Ed.2d at 54):

> After examining petitioners' papers and the District Court's opinion, I am satisfied that petitioners' showing that they cannot receive a fair and proper disposition of their federal claims in the New York courts is insufficient to warrant interference with Judge Anderson's determination that the state proceedings should be permitted to go forward in normal course, notwithstanding the pendency of petitioners' appeal to the Court of Appeals from the District Court's order of remand. * * *

And in Board of Education of City of New York v. City-Wide Committee for Integration of Schools et al., 342 F.2d 284 (2d Cir. 1965), Judges Waterman, Friendly and Hays, in a per curiam opinion, stated, *inter alia* (at 286), in refusing to stay their remand order pending application for certiorari:

> Obviously we have no way of knowing whether the Supreme Court will see fit to grant certiorari in those cases or, if it does, when argument will be heard. In the meanwhile a most serious situation would exist if federal courts in this circuit, which are unable to entertain removed cases not fairly distinguishable from People v. Galamison, should prevent state courts from taking action thereon. We see no sufficient justification for the creation of such a paralysis by the district courts or ourselves. * * * But even if we should be wrong in all this, we would not regard trial in the New York courts, subject to Supreme Court review as to denial of federal claims on the merits, as constituting such an irreparable injury, or consider appellants' prospect of success in the Supreme Court on review of our decision sufficiently great, to warrant a stay of further proceedings in the state courts, with the attendant inability of any court to grant relief.

This Court, under the circumstances of this case, finds no justification for delaying the orderly processes of the Maryland courts in connection with Brown's trial—processes which, if they should violate any of the principles of our Federal Constitution, are subject to timely review by the Supreme Court, as Mr. Justice Stewart emphasized in the majority opinion in *Peacock* (384 U.S. at 828, 829, 86 S.Ct. at 1813), in holding that the tests of the removal statute had not been met:

> What we have said is not for one moment to suggest that the individual petitioners in this case have not alleged a denial of rights guaranteed to them under federal law. If, as they allege, they are being prosecuted on baseless charges solely because of their race, then there has been an outrageous denial of their federal rights, and the federal courts are far from powerless to redress the wrongs done to them. The most obvious remedy is the traditional one emphasized in the line of cases from Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667, to Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633—vindication of their federal claims on direct review by this Court, if those claims have not been vindicated by the trial or reviewing courts of the State. That is precisely what happened in two of the cases in the *Rives-Powers* line of decisions, where removal under the predecessor of § 1443(1) was held to be unauthorized, but where the state court convictions were overturned because of a denial of the defendants' federal rights at their trials. That is precisely what has happened in countless cases this Court has reviewed over the years— cases like Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176, to name one at random decided in the present Term. "Cases where Negroes are prosecuted and convicted in state courts can find their way expeditiously to this Court, provided they present constitutional questions." England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 434, 84 S.Ct. 461, 11

L.Ed.2d 440 (Douglas, J., concurring). [Footnote omitted.]

The petition for removal pursuant to 28 U.S.C. § 1443(1) is hereby denied, and the within proceedings are hereby remanded to the Circuit Court for Howard County. Petitioner's motion for a stay pending any appeal from the within denial of removal and from the within remand is hereby denied.

It is so ordered.