**STATE OF MARYLAND, Appellee,**

v.

**H. Rap BROWN, Appellant.**

**No. 14577.**

United States Court of Appeals,
Fourth Circuit.

Argued April 27, 1970.

Decided April 27, 1970.

Devy Bendit, for appellant.

Francis B. Burch, Atty. Gen., of Maryland, for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of remand in the second attempt to remove a prosecution by the State of Maryland from a Maryland *nisi prius* court to the district court, pursuant to 28 U.S.C.A. § 1443(1), Maryland v. Brown, 311 F. Supp. 1164 (D.Md.1970). The history of the proceedings and the nature of the prosecution are set forth in the opinion of the district court denying the first removal, Maryland v. Brown, 295 F.Supp. 63 (D.Md.1969), aff'd. per curiam, Memorandum Decision No. 13,322 (4 Cir. June 7, 1969), cert. den., 396 U.S. 1029, 90 S.Ct. 585, 24 L.Ed.2d 525 (January 21, 1970).

After the initial remand from the district court to the state court, defendant prayed for a change of venue. His motion was first denied and then reconsidered and the case was transferred by the trial judge in the Circuit Court for Harford County to the Circuit Court for Howard County. Defendant was not consulted with respect to the new venue. Defendant alleges that the black population of Howard County is only approximately 5% of the total population, as contrasted to about 10% in Harford County and almost 33⅓% in Dorchester County. Defendant, therefore, alleges that the rights guaranteed him under 42 U.S.C.A. § 1981 were denied, in that the State of Maryland by exercise of its power of removal has *de facto* denied him the opportunity to have a substantial number of members of his race on the jury venire in Howard County and has, for practical purposes, denied him the right to have any representative of his race on the jury which will try him.

Based upon the unexplained explosion of an automobile which resulted in the death of two of his friends, and the unexplained bombing of the Court House in Dorchester County, Maryland, where he was indicted, both of which occurred after the trial proceedings commenced in the Circuit Court for Harford County on March 9, 1970, and before the change of venue to Howard County, defendant alleges that it is certain that he will not be able to obtain a safe and fair trial in any state court, and this also entitles him to removal to the district court.

We disagree, and affirm the district court's order.

■ Defendant's contention that he is entitled to removal to the district court because venue was transferred to a county having a smaller black population does not entitle him to relief under City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); and Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). Maryland statute law does not require that the power to transfer be exercised so as to reduce the likelihood that representation of a defendant's race be diminished on the venire and panel of the jurisdiction to which a transfer is made. We note that there is no allegation that members of the black race are systematically excluded, intentionally or unintentionally, in the jury selection process in the counties to which the case has been transferred, and there is no allegation that the state judges granting the transfers evidenced any intent to diminish defendant's opportunity to have members of his race on the venire or on the panel. At most his contention amounts only to an assignment of error which if well-founded is correctible on appeal to the Maryland courts or on writ of certiorari to the Supreme Court of the United States.

■ For the reasons stated by the district judge in the instant case, as well as in his previous opinion, we find no merit in the contention that defendant's safety cannot be reasonably secured if he is required to be present in the Circuit Court for Howard County, Maryland, for trial.

We affirm the judgment appealed from, and direct the Clerk to issue the mandate forthwith. The members of the panel reserve the right to express their opinions more fully in separate concurring opinions.

Affirmed.