Joanne Deborah **CHESIMARD**
and
**Clark Edward Squire, Petitioners,**

v.

Hon. John S. **KUHLTHAU,** County Pros-
ecutor, Middlesex County,
**Respondent.**

**Crim. No. 74–18.**

United States District Court,
D. New Jersey.

Feb. 7, 1974.

Brown, Vogelman & Ashley by Ray-
mond A. Brown, Jersey City, N. J., for
defendants-petitioners.

Charles T. McKinney, New York City, for defendant-petitioner Clark E. Squire.

Evelyn A. Williams, New York City, for defendant-petitioner Joanne D. Chesimard.

C. Judson Hamlin, First Asst. Pros., Middlesex Co., and Nicholas J. Stroumtsos, Asst. Pros., Middlesex Co., for respondent.

## OPINION

STERN, District Judge:

This is an action, pursuant to 28 United States Code, Section 1443, to remove a state criminal prosecution from the Superior Court of Morris County to the United States District Court.

In May of 1973, a State Grand Jury sitting in Middlesex County returned an eight-count indictment against the defendants, here petitioners, charging them, *inter alia*, with murder, felony murder, and assault with intent to kill, upon the allegation that these defendants shot and killed a policeman and a civilian, and shot and wounded another policeman in the County of Middlesex.

The matter was before the Superior Court of Middlesex County until the defendants moved, pursuant to N.J.S.A. 2A:76–1,[1] "for a trial before a foreign jury, preferably in the County of Essex or Hudson or, alternatively, for a change of venue."

The assignment judge of Middlesex County granted the defendant-petitioners' motion for a foreign jury but refused to give them their stated preference to be tried by a jury to be drawn from either Hudson or Essex County. Instead he determined that a jury should be drawn from the citizens of Morris County, and thereupon transferred the case from Middlesex to Morris County for the purpose of selecting a foreign jury.

Pursuant to this order, jury selection began in Morris County on January 2, 1974. Twenty-one days later, the defendant served and filed with the Clerk of the United States District Court, the Clerk of the Superior Court of Morris County and with the prosecuting attorney, an unverified petition seeking removal of this prosecution from the courts of New Jersey to the courts of the United States pursuant to the provision of 28 U.S.C. Sec. 1443.[2]

In essence, petitioners, who are black, allege that their federally-protected rights are being violated by the prosecution of them in Morris County, which has a significantly smaller black population than either the County of Middlesex, the County of Essex, or the County of Hudson, and seek the prosecution to continue only in the United States District Court.

In addition, petitioners allege that their federally-protected rights are being violated by the application of R. 1:8–3(d),[3] which automatically de-

---

1. N.J.S.A. 2A:76–1. *Foreign juries*
   The superior court or any county court may, in its discretion, order a trial by a foreign jury in any case, civil or criminal, commenced therein or removed thereto.

2. 28 U.S.C. Sec. 1443. *Civil rights cases*
   Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
   (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United

States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

3. R. 1:8–3(d) *Peremptory Challenges in Criminal Actions.*
   If the offense charged is kidnapping, treason, misprision of treason, murder, manslaughter, sodomy, rape, arson, burglary, robbery, forgery, perjury, or subornation of perjury, the defendant shall be entitled to 20 peremptory challenges if tried alone and to 10 such challenges when tried jointly; and the State

creases the number of challenges permitted to the defendants from ten each to five each, after a cause has been transferred from one county to another for either a change of venue or for the selection of a foreign jury.

The court parenthetically notes that the operation of that statute also automatically decreases the number of challenges which would otherwise be allocated to the prosecution.

Promptly after the service of the petition for removal, the office of the Prosecutor of Middlesex County filed a petition for remand to the State Court.

■ Pursuant to the provisions of 28 U.S.C. Sec. 1446,[4] upon the filing of a "verified" petition for removal "before trial" by a defendant in a State criminal prosecution, the State Court loses jurisdiction over the prosecution and jurisdiction lies only with the United States Court unless and until it is remanded back to the State Court. United States ex rel. Echevarria v. Silberglitt, 441 F. 2d 225 (2nd Cir. 1971).

28 U.S.C. Sec. 1446(a) requires that the petition be verified; that it be served "together with a copy of all process, pleadings and orders" previously served upon the defendant. In addition, subsection (c) requires that the petition be filed "before trial".

The petition in this case is neither verified, nor is it accompanied by all of the previous orders and pleadings which had been served upon the defendants, and it is questionable as to whether, in fact, the original petition has been filed "before trial".

■ Under the authority of *Echevarria, supra,* this Court will not hold the petitioners to the failure either to verify or to document the petition. It will take the petition as proper insofar as these requirements are concerned.

The timeliness of the filing of the petition is an altogether different matter. These defendants were indicted in May of 1973. Their case was transferred to Morris County upon their own motion in October of 1973. The selection of the jury began on January 2, 1974, and was, as of January 22, 1974, in continuous progress until this petition was filed and proceedings stopped.

While it is clear that jeopardy has not yet attached, because no juror and no witness has yet been sworn, it is not at all clear that this petition has been timely filed "before trial". The question is whether the phrase "before trial", for purposes of removal under 28 U.S.C. 1446(c), is to be construed to be the equivalent of "any time before jeopardy attaches in the State Court."

The petitioners herein had been indicted in May of 1973. On January 2, 1974, the case was moved for trial by the State. All parties were engaged in picking a jury for almost three weeks, when, on January 23, 1974, they removed the case to this Court, purporting to deprive the State Court of jurisdiction and thus halting all proceedings there upon their claim that the transfer of this matter in October of 1973, and the limiting of

---

shall have 12 peremptory challenges if the defendant is tried alone and 6 peremptory challenges for each 10 afforded defendants when tried jointly. In other criminal actions each defendant shall be entitled to 10 peremptory challenges and the State shall have 10 peremptory challenges for each 10 afforded defendants. When the case is to be tried by a foreign jury each defendant shall have 5 peremptory challenges and the State shall have 5 peremptory challenges for each 5 peremptory challenges afforded defendants.

4. 28 U.S.C. Sec. 1446 *Procedure for Removal*
(a) A defendant or defendants desiring to remove any civil action or criminal prosecu-

tion from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

. . . . .

(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

their challenges on or before January 2, 1974, had deprived them of some federally-protected rights.

This Court has not found any precedent which controls this precise factual situation. While there are criminal cases which have been removed at the very door of the State courthouse, even the very morning of the trial, see for example People v. Horelick, 424 F.2d 697 (2nd Cir. 1970), cert. denied 398 U. S. 939, 90 S.Ct. 1839, 26 L.Ed.2d 273 (1970), this Court has found no case in which, as here, such a removal has been attempted after 128 veniremen have been questioned by both sides, two peremptory challenges have been exercised by the petitioners, and fourteen jurors, albeit unsworn, have been tentatively seated in the jury box.

The natural and desirable reluctance of federal courts to interfere in pending, much less on-going, State criminal prosecutions is not easily overcome. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970), particularly Mr. Justice Black's language at p. 44, 91 S.Ct. 746 et seq. The interests of the United States in promoting rather than in derogating from the orderly litigation of matters within the State courts may not necessarily be achieved by a construction of 28 U.S.C. Sec. 1446 which would equate the requirement of timely filing of removal petitions to be any moment before a juror is sworn, rather than a construction which means that timely filing occurs and the State loses jurisdiction, if done before the case is actually moved for trial, or before the parties are actually engaged in the trial work, or before the jury selection process has actually begun, or perhaps, more precisely, in the words of Jifkins v. Sweetzer, 102 U.S. 177, 179, 26 L.Ed. 129 (1880), before the trial of a cause "has been in good faith begun."

As the Supreme Court held in the Removal Cases, 100 U.S. 457, 25 L.Ed. 593 (1879):

We agree that, as a general rule, the petition must be filed in a way that it may be said to have been in law presented to the court before the trial is in good faith entered upon. There may be exceptions to this rule; but we think it clear that Congress did not intend, by the expression "before trial", to allow a party to experiment on his case in the State court, and, if he met with unexpected difficulties, stop the proceedings, and take his suit to another tribunal.

100 U.S. 457, 459 (1879).

While both Jifkins v. Sweetzer, *supra,* and the Removal Cases, *supra,* are civil actions and are therefore not directly on point, I find that they are instructive as to the general issue of when a trial in the State court may be said to begin for purposes of determining the timeliness of a petition to remove the action to the Federal Court under 28 U.S.C. Sec. 1446.

In any event, the resolution of this question is not necessary to the determination of this controversy. Even assuming, *arguendo,* that this petition was timely filed, and that the State court did lose jurisdiction, this petition does not establish even a claim which would justify removal of this matter permanently from the State court to the United States Court under 28 U.S.C. Sec. 1443.

The dominant cases in the field of substantive prerequisites in civil rights removal petitions are Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), where removal was granted, and City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), where removal was denied.

In Rachel, *supra,* petitioners were prosecuted under the Georgia criminal trespass statute for activities by them which were protected by federal statute aimed at prohibiting racial discrimination, *i. e.,* for an activity protected by Section 201 of the Civil Rights Act of 1964. The court upheld removal on the basis of protecting the specific civil rights dealing with racial equality thus

guaranteed, but with regard to petitioners' claims based on general rights the court held:

On the basis of the historical material that is available, we conclude that the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

384 U.S. 780, 792, 86 S.Ct. 1783, 1790 (1966).

In Peacock, *supra*, petitioners were prosecuted under various state criminal charges after participating in civil rights activities in Mississippi. In denying their petition for removal the court held:

. . . The present case differs from Rachel in two significant respects. First, no federal law confers an absolute right on private citizens —on civil rights advocates, on Negroes, or on anybody else—to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman. Second, no federal law confers immunity from state prosecution on such charges.

To sustain removal of these prosecutions to a federal court upon the allegations of the petitions in this case would therefore mark a complete departure from the terms of the removal statute, which allow removal only when a person is 'denied or cannot enforce' a specified federal right 'in the courts of (the) State,' . . .
384 U.S. 808, 826–827, 86 S.Ct. 1800, 1812 (1966).

■ The petitioners do not allege, as they must under the Supreme Court rule, that they are being prosecuted by the State for federally-protected acts; indeed, they could not. They are facing prosecution for murder, attempted murder, assault with intent to commit murder, robbery and possession of a dangerous weapon.

That is not to say they did the acts complained of. That determination is for the trial. It is merely to say that they are not being prosecuted, and they do not here claim to be prosecuted, for underlying acts which are federally protected.

The complaint here is different. Petitioners allege that the very act of transfer from Middlesex to Morris County, and the operation of the New Jersey Rules under such circumstances, limiting their number of challenges, has deprived them of a federally-guaranteed right.[5]

■ This Court is satisfied that neither the selection from among a foreign jury, as initially requested by the defendants themselves, nor the particular county which was selected by the assignment judge of Middlesex County, nor the fact that the New Jersey statute automatically shrinks the challenges accorded to both sides of the dispute, nor the refusal of the trial judge to exercise his discretion, if indeed he has any, to grant more challenges, constitute any deprivation of a federally-guaranteed right cognizable under Section 1443, particularly where, as here, petitioners do not claim and indeed deny the existence of a bad faith racial purpose on the part of the State Court judges who have made the decisions complained of.

In South Carolina v. Moore, 447 F.2d 1067 (4th Cir. 1971), petitioner was charged with homicide when he admit-

---

5. There was some suggestion in the petition about pretrial publicity but this Court is satisfied that this claim was abandoned on oral argument and does not play any actual role in the petition before this Court now.

**478**

tedly killed a white man during a Civil Rights demonstration. Claiming self-defense, the petitioner, a black man, sought removal to federal court, the denial of which was upheld in the Fourth Circuit, citing as authority Rachel and Peacock, *supra:*

> It is plain from Peacock, that the right of removal under 1443(1) is limited to cases in which the charged conduct clearly enjoys federal protection.

447 F.2d 1067, 1070 (1971).

 The resolution of questions such as the denial of extra challenges, prejudicial pretrial publicity and the choice of venue for trial in a county with a smaller proportion of blacks than in other counties in the State, while they may be the proper subject for other proceedings, are not subjects cognizable under Section 1443, nor are they grounds for removing the matter to a United States Court for the initial trial. This powerful remedy is to be employed only where the state charges, as criminal, conduct which the United States has declared to be protected.

Particularly persuasive authority is a case which I find to be on all fours with the controversy before us. Maryland v. Brown, 426 F.2d 809 (4th Cir. 1970). In the Brown case, venue for trial was changed in the State of Maryland, not at the request of the defendant, as here, but at the request of the prosecution, over the objection of the defendant. Here, of course, a motion for a foreign jury was made by the defendants. In *Brown,* as here, the venue was changed and moved to a county in which there were fewer black citizens than there were in the original county. In that case, upon a petition for removal, the District Court found that it had no jurisdiction to retain jurisdiction. Maryland v. Brown, D.C., 311 F.Supp. 1164 (1970). That decision was affirmed by the Fourth Circuit, with language at 426 F.2d 809, 810 (1970) I find controlling:

> Defendant's contention that he is entitled to removal to the district court because venue was transferred to a

county having a smaller black population does not entitle him to relief under City of Greenwood, Mississippi v. Peacock and Georgia v. Rachel (Citations omitted) . . . We note that there is no allegation that members of the black race are systematically excluded, intentionally or unintentionally, in the jury selection process in the counties to which the case has been transferred, and there is no allegation that the State judges granting the transfers evidenced any intent to diminish defendant's opportunity to have members of his race on the venire or on the panel. At most his contention amounts only to an assignment of error which if well-founded is correctible on appeal to the Maryland courts or on writ of certiorari to the Supreme Court of the United States.

I find this is the same situation in the case before this Court. Accordingly, assuming that the petition was timely filed, and that the Superior Court thereby lost jurisdiction, this prosecution shall be remanded immediately back to the Superior Court of Morris County.